**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| JORDAN M. EVANS and <br> JUSTIN A. FIELDS, individually <br> and on behalf of others similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> RESPONSIBLE ENERGY <br> OPERATIONS LLC and JOSH PHILLIPS, <br><br> Defendants | **CLASS ACTION COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** <br> **COMPLAINT UNDER** <br> **29 USC § 216(b)** <br><br> **CASE NO.** 3:23-cv-156 |

***PLAINTIFFS' COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

**I. INTRODUCTION**

Plaintiffs Jordan M. Evans ("Evans") and Justin A. Fields ("Fields") bring this combined Rule 23 class action and FLSA collective action lawsuit against Defendants Responsible Energy Operations LLC and Josh Phillips (hereinafter collectively "Responsible Energy" or "Defendants") to address class-wide wage and hour and overtime violations committed by Responsible Energy against them and fellow Responsible Energy employees who work or worked for Responsible Energy at one or more of its coal mining sites. Evans and Fields will serve as the representative plaintiffs in the FLSA collective action. Fields shall serve as class representative of the class of Indiana-based employees in the Rule 23 class action brought pursuant to the Indiana Wage Payment Statute.

Specifically, Responsible Energy has been systematically and substantially underpaying wages and overtime wages to Evans, Fields and similarly situated hourly paid workers. Responsible

1

Energy employs workers to mine coal at multiple sites, including Antioch, Indiana, Petersburg, Indiana and Mt. Carmel, Illinois. Responsible Energy operates two work shifts per day, six days per week at its mines. Each day shift begins with an employee meeting at a place near the mine entrance. This meeting occurs at approximately 6:00 a.m. each day. Workers meet with their supervisor and are given instructions for the day's work. As a matter of custom and practice, Responsible Energy supervisors let workers know that they will suffer consequences in their employment if they fail to attend this shift beginning meeting. This meeting workers participate in is their first principal activity of each work day. Workers then board a bus which transports them to an area containing their work vehicles (e.g., trucks, bulldozers, loaders). Workers are next required to complete a pre shift inspection sheet after inspecting and testing their work vehicle. Tests include tire checks, fluid checks, safety device checks, and a check of the vehicle's exterior itself. After completing inspection, each worker then starts his vehicle and drives the vehicle to the dig area for the day. All of this activity after the shift beginning meeting is part of the worker's continuous work day and is compensable. In all, each day, workers spend 30 or more minutes engaged in these work tasks prior to the point in time Responsible Energy begins paying them their hourly rate for the work day. This 30 or more minute period of time is not and has not been paid to workers. In the example above, on the day shift, Responsible Energy does not pay workers for their work until 6:30 a.m.

Responsible Energy does not use a time clock or otherwise keep track of its employees' hours worked. Instead, Responsible Energy pays hourly wages to workers based upon estimated hours of work. Responsible Energy creates a fiction and treats workers' paid work day as running from 6:30 a.m (or 6:30 p.m. for the night shift) and ending at 5:00 p.m. (or 5:00 a.m. for the night shift), with a 30 minute period automatically deducted based upon Responsible Energy's claim or

theory that the workers' received a "bona fide" meal period (this is not true). In all, Responsible Energy pays workers 10 hours per day for work Monday through Friday and 8 hours for work performed on Saturday (the shift ends earlier).

Regarding the automatically deducted 30 minutes taken from the middle of workers' continuous work days, Responsible Energy does not provide a bona fide meal period of 30 minutes or more where workers are completely relieved of duty and able to use the time freely. Responsible Energy allows workers to take a break and eat any food in their work vehicles. Some but not all, of these breaks may last up to 30 minutes, however, in addition to eating their food at their machine (their work equipment), workers are not allowed to leave the coal mining area (the dig site). They cannot leave to buy food or run a personal errand. By definition, this is work time which must be compensated, not a "bona fide meal period." See 29 CFR § 785.19 ("The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating."). This automatic deduction is also improper as workers often are given far less than 30 actual minutes to sit in a truck and eat food. The breaks are cut short by supervisors who order the workers to get back to work. Indeed, Responsible Energy keeps no records to show the fact of any bona fide meal period or the time spent by any worker in a meal break. Finally, meal periods are not bona fide because workers are required to take a meal break, if any, inside a work vehicle which is left running. Remaining with the still-running vehicle is both a safety and a security issue.

At the end of each work shift (treated by Defendants as 5:00 p.m. for day shift and 5:00 a.m. for the night shift), workers drive a work vehicle from their dig site to the holding area for work

vehicles and equipment. Workers exit work vehicles and board a bus for a return trip to the area they parked their personal vehicles. At this point, the work day ends. Again, Responsible Energy does not track and does not always pay workers for the actual time it takes for them to return their work vehicles at the end of the work day. It often underpays the workers for time spent working at the end of work shifts.

Based upon this scheme, Responsible Energy is and has failed to pay Evans, Fields and each putative class member for six (6) or more overtime hours of work per average work week. By failing to pay workers for the first 30 or more minutes each shift at the beginning of the work day (from the work meeting forward), Responsible Energy fails to pay 3 or more hours of work each average work week. In the same way, by automatically deducting a 30 minute block of time from each worker's paid, continuous work day, Responsible Energy has failed to pay an additional 3 compensable hours of pay each average work week.

Responsible Energy's scheme whereby it fails to pay for one or more hour of compensable work time each day creates overtime violations under the Fair Labor Standards Act ("FLSA") and unpaid wage violations of the Indiana Wage Payment Statute. Evans and Fields' class action and FLSA collective action claims based upon Responsible Energy's class-wide failure to pay employees for obvious work hours, including its failure to pay wages based upon a continuous workday and its automatic 30 minute dedutions, will be perfect for class and collective action treatment and will be easy to prove.

## II. FACTUAL ALLEGATIONS

1. Evans is a resident of the State of Indiana and is domiciled in Worthington, Greene County, Indiana.

2. Fields is a resident of the State of Indiana and is domiciled in Springville, Lawrence County, Indiana.

3. Defendant Responsible Energy Operations LLC mines coal. It is headquartered in Petersburg, Pike County, Indiana. It operates mining sites in Antioch, Indiana, Petersurg, Indiana and Mt. Carmel, Illinois.

4. Defendant Josh Phillips describes himself as President and General Manager of Responsible Energy Operations LLC. Based upon information and belief, Plaintiffs expressly allege that Defendant Josh Phillips exercised operational control over Responsible Energy Operations LLC, controlled all significant business functions of Responsible Energy Operations LLC, and acted on behalf of and in the interest of Responsible Energy Operations LLC in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Josh Phillips is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Josh Phillips is jointly and severally liable under the FLSA with Responsible Energy Operations LLC for its overtime violations.

5. Evans worked for Responsible Energy at its Antioch, Indiana coal mine as an Operator. Responsible Energy compensated Evans at a rate of pay of approximately $25.00 per hour. Evans was a non-exempt employee. Evans worked for Responsible Energy from approximately October 2022 until he was involuntarily terminated on September 8, 2023.

6. Fields worked for Responsible Energy at its Antioch, Indiana coal mine as an Operator. Responsible Energy compensated Fields at a rate of pay of approximately $29.50 per hour. Fields was a non-exempt employee. Fields worked for Responsible Energy from approximately September 2022 until he voluntarily resigned his employment on or about August

8, 2023.

7.  As described in the Introduction above, both Evans and Fields worked at least 64 hours in every, average work week, but were paid for only 58 of those work hours. Regardless, Evans and Fields earned overtime compensation in virtually every week worked for Responsible Energy. In this litigation, most, if not all, unpaid work hours will be unpaid overtime hours.

8.  As described in the Introduction above, Responsible Energy has been systematically and substantially underpaying wages and overtime wages to Evans, Fields and similarly situated hourly paid workers.

9.  Responsible Energy employs workers to mine coal at multiple sites, including Antioch, Indiana, Petersburg, Indiana and Mt. Carmel, Illinois. Responsible Energy operates two work shifts per day, six days per week at its mines.

10. Each day shift begins with an employee meeting at a place near the mine entrance. This meeting occurs at approximately 6:00 a.m. each day. Workers meet with their supervisor and are given instructions for the day's work. As a matter of custom and practice, Responsible Energy supervisors let workers know that they will suffer consequences in their employment if they fail to attend this shift beginning meeting. This meeting workers participate in is their first principal activity of each work day.

11. Workers then board a bus which transports them to an area containing their work vehicles (e.g., trucks, bulldozers, loaders).

12. Workers are next required to complete a pre shift inspection sheet after inspecting and testing their work vehicle. Tests include tire checks, fluid checks, safety device checks, and a check of the vehicle's exterior itself. After completing inspection, each worker then starts his

vehicle and drives the vehicle to the dig area for the day.

13. All of this activity after the shift beginning meeting is part of the worker's continuous work day and is compensable. In all, each day, workers spend 30 or more minutes engaged in these work tasks prior to the point in time Responsible Energy begins paying them their hourly rate for the work day. This 30 or more minute period of time is not and has not been paid to workers. In the example above, on the day shift, Responsible Energy does not pay workers for their work until 6:30 a.m.

14. Responsible Energy does not use a time clock or otherwise keep track of its employees' hours worked. Instead, Responsible Energy pays hourly wages to workers based upon estimated hours of work. Responsible Energy creates a fiction and treats workers' paid work day as running from 6:30 a.m (or 6:30 p.m. for the night shift) and ending at 5:00 p.m. (or 5:00 a.m. for the night shift), with a 30 minute period automatically deducted based upon Responsible Energy's claim or theory that the workers' received a "bona fide" meal period (this is not true). In all, Responsible Energy pays workers 10 hours per day for work Monday through Friday and 8 hours for work performed on Saturday (the shift ends earlier).

15. Regarding the automatically deducted 30 minutes taken from the middle of workers' continuous work days, Responsible Energy does not provide a bona fide meal period of 30 minutes or more where workers are completely relieved of duty and able to use the time freely. Responsible Energy allows workers to take a break and eat any food in their work vehicles. Some but not all, of these breaks may last up to 30 minutes, however, in addition to eating their food at their machine (their work equipment), workers are not allowed to leave the coal mining area (the dig site). They cannot leave to buy food or run a personal errand. By

definition, this is work time which must be compensated, not a "bona fide meal period." See 29 CFR § 785.19 ("The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating."). This automatic deduction is also improper as workers often are given far less than 30 actual minutes to sit in a truck and eat food. The breaks are cut short by supervisors who order the workers to get back to work. Indeed, Responsible Energy keeps no records to show the fact of any bona fide meal period or the time spent by any worker in a meal break. Finally, meal periods are not bona fide because workers are required to take a meal break, if any, inside a work vehicle which is left running. Remaining with the still-running vehicle is both a safety and a security issue.

16. At the end of each work shift (treated by Defendants as 5:00 p.m. for day shift and 5:00 a.m. for the night shift), workers drive a work vehicle from their dig site to the holding area for work vehicles and equipment. Workers exit work vehicles and board a bus for a return trip to the area they parked their personal vehicles. At this point, the work day ends. Again, Responsible Energy does not track and does not always pay workers for the actual time it takes for them to return their work vehicles at the end of the work day. It often underpays the workers for time spent working at the end of work shifts.

17. Based upon this scheme, Responsible Energy is and has failed to pay Evans, Fields and each putative class member for six (6) or more overtime hours of work per average work week. By failing to pay workers for the first 30 or more minutes each shift at the beginning of the work day (from the work meeting forward), Responsible Energy fails to pay 3 or more hours of work each average work week. In the same way, by automatically deducting a 30

minute block of time from each worker's paid, continuous work day, Responsible Energy has failed to pay an additional 3 compensable hours of pay each average work week.

18. Responsible Energy's scheme whereby it fails to pay for one or more hour of compensable work time each day creates overtime violations under the Fair Labor Standards Act ("FLSA") and unpaid wage violations of the Indiana Wage Payment Statute. Evans and Fields' class action and FLSA collective action claims based upon Responsible Energy's class-wide failure to pay employees for obvious work hours, including its failure to pay wages based upon a continuous workday and its automatic 30 minute dedutions, will be perfect for class and collective action treatment and will be easy to prove.

19. At his rate of $25.00 per hour and an overtime rate of $37.50 per hour, Evans was underpaid overtime compensation of at least $225.00 every average work week. For his claim under the FLSA, Evans' unpaid overtime will be doubled by the FLSA's liquidated damages provision and Evans will be owed $450.00 for most, if not all, weeks he worked for Responsible Energy. Evans estimates that he is owed damages of at least $20,000.00.

20. Similarly, at his rate of $29.50 per hour and an overtime rate of $44.25 per hour, Fields was underpaid overtime compensation of at least $265.50 every average work week. For his claim under the FLSA, Fields' unpaid overtime will be doubled by the FLSA's liquidated damages provision and Fields will be owed $531.00 for most, if not all, weeks he worked for Responsible Energy. Fields estimates that he is owed damages of at least $24,000.00.

21. In the same way and for the same reasons, Responsible Energy has systematically underpaid wages and overtime to its coal mine employees for several years. Responsible Energy owes significant unpaid overtime and wages to putative class members for the same reasons and

in similar amounts to Evans and Fields.

22.     Pursuant to its systematic, class-wide practice, Responsible Energy is not compensating its hourly-paid workers for all work time at the beginning of each employee's work day, nor is Responsible Energy paying Plaintiffs and putative class members on a continuous work day basis for all hours worked each shift.

23.     Responsible Energy intentionally and knowingly violated Evans, Fields and all hourly paid workers' rights to earned wages through Responsible Energy's conscious and deliberate decision not to pay employees for all work time.

24.     Evans and Fields are expressly alleging that Responsible Energy acted in bad faith in violating its hourly paid workers' rights under the FLSA, the Indiana Wage Payment Statute and the Indiana Wage Claims Statute, and that Responsible Energy certainly did not seek to comply with the Indiana Wage Payment Statute in good faith.

25.     By way of this Complaint, Evans and Fields seek for themselves and for all other similarly situated Responsible Energy hourly paid workers, all unpaid wages, all unpaid overtime, all available statutory damages, including all liquidated damages, and payment of their reasonable attorneys' fees, costs and expenses.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

26.     Evans and Fields incorporate herein by reference paragraphs 1 - 25 above.

27.     Evans and Fields are pursuing claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former Responsible Energy employees who were similarly denied payment of wages and overtime compensation under Responsible Energy's compensation scheme that involved failure to pay for all work time

from the first principal activity each day - the required shift beginning meeting - through the last principal activity each day.

28. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Evans, Fields and all Responsible Energy current and former employees (in both Indiana and Illinois) who were damaged by Responsible Energy's compensation system which required and resulted in uncompensated overtime work. By virtue of the "collective action," Evans and Fields represent the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances. Evans and Fields anticipate that other Responsible Energy employees and former employees will opt in to the action.

29. With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Fields will serve as class representative over a proposed class. The class will be as follows:

> Fields will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Fields' Indiana statutory wage claims. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Fields and on behalf of all eligible Responsible Energy hourly paid workers who worked for Responsible Energy at a location in the State of Indiana and were damaged by Responsible Energy's compensation system which required and resulted in uncompensated work performed by hourly-paid employees. By virtue of the class action, Fields represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

30. Based upon information and belief, the number of potential class members is believed to be 100 or more individuals, however, the actual number of Responsible Energy's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Evans and Fields will

pursue discovery to obtain the names of the other current and former Responsible Energy employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

31.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

32.     Evans and Fields' claims are typical of the claims of the whole collective group of current and former Responsible Energy hourly-paid employees harmed by Responsible Energy's illegal wage practices.  Evans and Fields' claims are typical of the claims of the whole class of current and former Responsible Energy hourly-paid employees harmed by Responsible Energy's illegal wage practices.

33.     Evans and Fields will act to fairly and adequately protect the interests of the entire collective group of current and former Responsible Energy employees. Fields will act to fairly and adequately protect the interests of the entire Rule 23 class of current and former Responsible Energy employees who work or worked for the company at a location in the State of Indiana.

34.     A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Responsible Energy.  For example, to prove Responsible Energy's illegal wage practices, Evans, Fields and other members of this collective group/class would seek in discovery records about all similarly situated current and former Responsible Energy hourly paid employees who were similarly denied earned wages and overtime compensation under Responsible Energy's compensation system which resulted in uncompensated work and underpayment of overtime wages.  Individual lawsuits by the members

---

[1] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

35. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

36. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

37. Because Responsible Energy's compensation system which required and resulted in uncompensated work and underpaid overtime wages to hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV.  JURISDICTION AND VENUE

38. This Court has jurisdiction over Evans and Fields' FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law.  See 29 USC § 201 et seq.   The Court

has supplemental jurisdiction over Fields' Indiana Wage Payment Statute claims and Evans Indiana Wage Claims Statute claims, which have a common basis in fact with their own and the other Plaintiff class members' FLSA claims.

39. This Court is the appropriate venue for this cause of action as Evans and Fields worked for Responsible Energy at locations in the State of Indiana and Responsible Energy is headquartered in Petersburg, Pike County, Indiana. 28 USC § 1391.

## V. STATEMENT OF CLAIMS

### A. Fair Labor Standards Act Claims

40. Evans and Fields incorporate herein by reference paragraphs 1 through 39 above.

41. Responsible Energy Operations LLC is an "enterprise" as that term is defined by the FLSA, and Responsible Energy Operations LLC is covered by the overtime and minimum wage provisions of the FLSA. Responsible Energy Operations LLC is an "employer," as that term is defined by the FLSA. Finally, Responsible Energy Operations LLC is a "person" as that term is defined by the FLSA.

42. Josh Phillips is the President and General Manager of Responsible Energy Operations LLC. Josh Phillips exercised operational control over Responsible Energy Operations LLC; controlled significant business functions of Responsible Energy Operations LLC; and acted on behalf of and in the interest of Responsible Energy Operations LLC in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Josh Phillips is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Josh Phillips is a "person" as that term is defined under the FLSA.

43. Defendants violated Evans and Fields' rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Defendants have committed overtime violations by failing to pay Evans, Fields and their similarly situated coworkers for all overtime hours of work, particularly as Defendants were requiring all employees to report for a shift-beginning meeting conducted by a supervisor regularly during weeks in which overtime was worked and Defendants significantly underpaid overtime wages based upon its unlawful failure to pay for all work hours from a first principal activity to a last principal activity each work day.

44. Defendants have repeatedly violated the FLSA's overtime provisions by not paying Evans, Fields and members of the Plaintiff Class for all hours and at the required overtime compensation rate for all hours worked over 40 in a work week.

45. Defendants' failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Defendants to a three year statute of limitations.

46. Evans, Fields and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Defendants' violations of their rights under the Fair Labor Standards Act.

**B. *Indiana Wage Payment Statute Claims (With Justin Fields as Class Representative)***

47. Fields incorporates herein by reference paragraphs 1 through 46 above.

48. Fields has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Fields is the named Plaintiff who represents the same or similar interests of

all current Indiana-based Responsible Energy hourly-paid employees and all of Responsible Energy's Indiana-based former hourly-paid employees who voluntarily resigned from employment.

49. By way of this Claim, Fields is seeking, individually and on behalf of members of the Plaintiff Class of current and former Indiana-based Responsible Energy employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Fields and his fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, Fields is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Fields further expressly asserts and alleges that Responsible Energy acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when it intentionally created a wage scheme that did not compensate hourly paid workers for all work hours from a first principal activity until a last principal activity each work day (including hours spent in required work meetings at the start of each work shift) , all of which resulted in underpaid wages on a class-wide basis.

### C.  Evans' Individual Indiana Wage Claims Statute Claims

50. Evans incorporates herein by reference paragraphs 1 through 49 above.

51. Evans was involuntarily terminated from employment by Responsible Energy. As such, Evans' wage claims to recover unpaid and underpaid wages arise under the Indiana Wage

Claims Statute, I.C. 22-2-9. Evans obtained a letter from the Indiana Attorney General's Office dated September 25, 2023 which permits his attorney to file this wage claim on Evans' behalf as the Indiana Attorney General's "designee."  To the extent he cannot do so in a class action context, Evans is still pursuing any and all claims for damages under the Indiana Wage Claims Statute, I.C. 22-2-9, to recover all unpaid and underpaid wages stemming from Responsible Energy's illegal wage practices.

52. By way of this Claim, Evans is seeking all available damages, including all unpaid wages, all underpaid wages, any available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Evans may be entitled pursuant to law.  Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Evans is seeking payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment against Defendants, jointly and severally, and issue all available relief to Plaintiffs and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All damages available to Evans under the Indiana Wage Claims Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. All unpaid and underpaid wages;

5. All reasonable attorney's fees and expenses;

6. Costs;

7. Prejudgment interest, if available; and

8. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com